MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ANGEL NACIPUCHA, *individually and on behalf of others similarly situated,*

                    *Plaintiff*,

       -against-

VILLA BERULIA INC. (D/B/A VILLA BERULIA), JOHN (A.K.A. JOHNNY) BERULIA, IVAN IVANAC, JOHN IVANAC, MARIJA (A.K.A MARIA) IVANAC, and ALEXSANDRA (A.K.A ALEXANDRA) IVANAC,

                   *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Angel Nacipucha ("Plaintiff Nacipucha" or "Mr. Nacipucha"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Villa Berulia Inc. (d/b/a Villa Berulia), ("Defendant Corporation"), John (a.k.a. Johnny) Berulia, Ivan Ivanac, John Ivanac, Marija (a.k.a Maria) Ivanac, and Alexsandra (a.k.a Alexandra) Ivanac, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff Nacipucha is a former employee of Defendants Villa Berulia Inc. (d/b/a Villa Berulia), John (a.k.a. Johnny) Berulia, Ivan Ivanac, John Ivanac, Marija (a.k.a Maria) Ivanac, and Alexsandra (a.k.a Alexandra) Ivanac.

2. Defendants own, operate, or control an Italian Restaurant, located at 107 East 34th Street, New York, New York 10016 under the name "Villa Berulia".

3. Upon information and belief, individual Defendants John (a.k.a. Johnny) Berulia, Ivan Ivanac, John Ivanac, Marija (a.k.a Maria) Ivanac, and Alexsandra (a.k.a Alexandra) Ivanac, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Nacipucha was an employee of Defendants.

5. Plaintiff Nacipucha was employed as a cook at the restaurant located at 107 East 34th Street, New York, New York 10016.

6. At all times relevant to this Complaint, Plaintiff Nacipucha worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Nacipucha appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Nacipucha to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nacipucha and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Nacipucha now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.  Plaintiff Nacipucha seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Nacipucha's state law claims under 28 U.S.C. § 1367(a).

13.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian Restaurant located in this district. Further, Plaintiff Nacipucha was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.  Plaintiff Angel Nacipucha ("Plaintiff Nacipucha" or "Mr. Nacipucha") is an adult individual residing in Hudson County, New Jersey.

15.  Plaintiff Nacipucha was employed by Defendants at Villa Berulia from approximately July 2014 until on or about February 2018.

16. Plaintiff Nacipucha consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants own, operate, or control an Italian Restaurant, located at 107 East 34th Street, New York, New York 10016 under the name "Villa Berulia".

18. Upon information and belief, Villa Berulia Inc. (d/b/a Villa Berulia) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 107 East 34th Street, New York, New York 10016.

19. Defendant John (a.k.a. Johnny) Berulia is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John (a.k.a. Johnny) Berulia is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John (a.k.a. Johnny) Berulia possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Nacipucha, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Ivan Ivanac is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ivan Ivanac is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ivan Ivanac possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages

and compensation of the employees of Defendants, including Plaintiff Nacipucha, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant John Ivanac is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Ivanac is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John Ivanac possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Nacipucha, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Marija (a.k.a Maria) Ivanac is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Marija (a.k.a Maria) Ivanac is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Marija (a.k.a Maria) Ivanac possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Nacipucha, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Alexsandra (a.k.a Alexandra) Ivanac is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alexsandra (a.k.a Alexandra) Ivanac is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alexsandra (a.k.a Alexandra) Ivanac possesses

operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Nacipucha, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate an Italian Restaurant located in the Midtown East section of Manhattan in New York City.

25. Individual Defendants, John (a.k.a. Johnny) Berulia, Ivan Ivanac, John Ivanac, Marija (a.k.a Maria) Ivanac, and Alexsandra (a.k.a Alexandra) Ivanac, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Nacipucha's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Nacipucha, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Nacipucha (and all similarly situated employees) and are Plaintiff Nacipucha's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Nacipucha and/or similarly situated individuals.

30. Upon information and belief, Individual Defendants John (a.k.a. Johnny) Berulia, Ivan Ivanac, John Ivanac, Marija (a.k.a Maria) Ivanac, and Alexsandra (a.k.a Alexandra) Ivanac operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Nacipucha's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Nacipucha, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Nacipucha's services.

32. In each year from 2014 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

### *Individual Plaintiff*

34. Plaintiff Nacipucha is a former employee of Defendants who was employed as a cook.

35. Plaintiff Nacipucha seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *Plaintiff Angel Nacipucha*

36. Plaintiff Nacipucha was employed by Defendants from approximately July 2014 until on or about February 2018.

37. Defendants employed Plaintiff Nacipucha as a cook.

38. Plaintiff Nacipucha regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39. Plaintiff Nacipucha's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Nacipucha regularly worked in excess of 40 hours per week.

41. From approximately July 2014 until on or about September 2014, Plaintiff Nacipucha worked as a cook from approximately 12:00 p.m. until on or about 9:00 p.m., 6 days a week (typically 55 hours per week).

42. From approximately September 2014 until on or about July 2017 and then from approximately September 2017 until on or about February 2018, Plaintiff Nacipucha worked as a cook from approximately 12:00 p.m. until on or about 9:00 p.m., 5 days a week, from approximately 3:00 p.m. until on or about 10:00 p.m., on Saturdays, and from approximately 3:00 p.m. until on or about 9:00 p.m., on Sundays two weeks per month (typically 58 hours per week every other week).

43. From approximately July 2017 until on or about September 2017, Plaintiff Nacipucha worked as a cook from approximately 12:00 p.m. until on or about 9:00 p.m., 5 days a week two weeks per month, and from approximately 4:00 p.m. until on or about 10:00 p.m., 5 days a week for the remaining weeks per month (typically 30 hours per week every other week and 45 hours per week every other week).

44. From approximately July 2014 to February 2018, Defendants paid Plaintiff Nacipucha his wages in a combination of check and cash.

45. From approximately July 2014 until on or about September 2014, Defendants paid Plaintiff Nacipucha a fixed salary of $831 per week.

46. From approximately September 2014 until on or about July 2017 and then from approximately September 2017 until on or about February 2018, Defendants paid Plaintiff Nacipucha a fixed salary of $1,181 per week when Plaintiff Nacipucha worked 7 days per week.

47. From approximately July 2017 until on or about September 2017, Defendants paid Plaintiff Nacipucha a fixed salary of $881 per week ($531 by check and $350 in cash).

48. Plaintiff Nacipucha's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49. For example, Defendants required Plaintiff Nacipucha to work an additional 20 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

Prior to January 2018, Plaintiff Nacipucha was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Nacipucha regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Nacipucha an accurate statement of wages, as required by NYLL 195(3).

52. In fact, Defendants adjusted Plaintiff Nacipucha's paystubs so that they reflected inaccurate wages and hours worked.

53. Defendants did not give any notice to Plaintiff Nacipucha, in English and in Spanish (Plaintiff Nacipucha's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nacipucha (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

55. Plaintiff Nacipucha was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants habitually required Plaintiff Nacipucha to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58. Defendants' time keeping system did not reflect the actual hours that Plaintiff Nacipucha worked.

59. Defendants failed to provide accurate statements with each pay and in fact adjusted Plaintiff Nacipucha's paystubs so that they reflected inaccurate wages and hours worked.

60. Plaintiff Nacipucha was paid his wages in a combination of check and cash.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Nacipucha (and similarly situated individuals) worked, and to avoid paying Plaintiff Nacipucha properly for his full hours worked.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Nacipucha and other similarly situated former workers.

65. Defendants failed to provide Plaintiff Nacipucha and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants failed to provide Plaintiff Nacipucha and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

67. Plaintiff Nacipucha brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68. At all relevant times, Plaintiff Nacipucha and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

69. The claims of Plaintiff Nacipucha stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

70. Plaintiff Nacipucha repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Nacipucha's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Nacipucha (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

74. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Nacipucha (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Nacipucha (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Nacipucha (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

77. Plaintiff Nacipucha repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Nacipucha overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79. Defendants' failure to pay Plaintiff Nacipucha overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Nacipucha was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

81. Plaintiff Nacipucha repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to provide Plaintiff Nacipucha with a written notice, in English and in Spanish (Plaintiff Nacipucha's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

83. Defendants are liable to Plaintiff Nacipucha in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

84. Plaintiff Nacipucha repeats and realleges all paragraphs above as though fully set forth herein.

85. With each payment of wages, Defendants failed to provide Plaintiff Nacipucha with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

86. Defendants are liable to Plaintiff Nacipucha in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nacipucha respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nacipucha and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Nacipucha's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Nacipucha and the FLSA Class members;

(e) Awarding Plaintiff Nacipucha and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Nacipucha and the FLSA Class members liquidated damages in

an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nacipucha;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Nacipucha's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Nacipucha;

(j) Awarding Plaintiff Nacipucha damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Nacipucha damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Nacipucha liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Nacipucha and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Nacipucha and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

  Plaintiff Nacipucha demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
   March 23, 2018

            MICHAEL FAILLACE & ASSOCIATES, P.C.

         By:  /s/ Michael Faillace
           Michael Faillace [MF-8436]
           60 East 42nd Street, Suite 4510
           New York, New York 10165
           Telephone: (212) 317-1200
           Facsimile: (212) 317-1620
           *Attorneys for Plaintiff*